**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REKOR SYSTEMS, INC.<br><br>        Plaintiff and<br>        Counterclaim-Defendant<br><br>  v.<br><br>SUZANNE LOUGHLIN, HARRY RHULEN, and JAMES SATTERFIELD<br><br>        Defendants and<br>        Counterclaim-Plaintiffs<br><br>  and<br><br>CRISISRISK STRATEGIES, LLC<br><br>        Counterclaim-Plaintiff<br><br>  v.<br><br>ROBERT A. BERMAN, EYAL HEN, JAMES K. MCCARTHY, PAUL A. DE BARY, GLENN GOORD, CHRISTINE HARADA, DAVID HANLON, RICHARD NATHAN, STEVEN D. CROXTON, FIRESTORM SOLUTIONS, LLC, AND FIRESTORM FRANCHISING, LLC<br><br>        Counterclaim-Defendants | **No. 1:19-cv-7767-LJL**<br><br>**<ins>ANSWER TO COUNTERCLAIMS WITH AFFIRMATIVE DEFENSES</ins>** |

Plaintiff Rekor Systems, Inc. ("Rekor") and Counterclaim-Defendants Robert A. Berman, Eyal Hen, James K. McCarthy, Paul A. de Bary, Glenn Goord, Christine Harada, David Hanlon, Richard Nathan, Steven D. Croxton, Firestorm Solutions, LLC, and Firestorm Franchising, LLC (together with Rekor, the "Rekor Parties"), by their attorneys, Fleischman Bonner & Rocco, LLP, for their answer (the "Answer") to the counterclaims (the "Counterclaims") asserted by Defendants Suzanne Loughlin, Harry Rhulen, and James Satterfield (collectively, the "Defendants"), and

1

Counterclaim-Plaintiff CrisisRisk Strategies, Inc. ("CrisisRisk", and together with Defendants, the "CC-Plaintiffs") in their answer dated February 28, 2020 to the second amended complaint dated January 30, 2020, allege as follows:

## PARTIES TO THE COUNTERCLAIMS

1.     Admit the allegation set forth in in paragraph 208 of the Counterclaims.

2.     Admit the allegation set forth in in paragraph 209 of the Counterclaims.

3.     Admit the allegation set forth in in paragraph 210 of the Counterclaims.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 211 of the Counterclaims.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 212 of the Counterclaims.

6.     Admit the allegations set forth in in paragraph 213 of the Counterclaims.

7.     Deny the allegation set forth in paragraph 214 of the Counterclaims.

8.     Admit that certain Rekor subsidiaries conduct business within New York State, otherwise deny the allegations set forth in paragraph 215 of the Counterclaims.

9.     Admit the allegations set forth in paragraph 216 of the Counterclaims.

10.     Deny the allegation set forth in paragraph 217 of the Counterclaims.

11.     Admit the allegation set forth in paragraph 218 of the Counterclaims.

12.     Admit the allegations set forth in paragraph 219 of the Counterclaims.

13.     Admit the allegations set forth in paragraph 220 of the Counterclaims.

14.     Deny the allegation set forth in paragraph 221 of the Counterclaims.

15.     Admit the allegations set forth in paragraph 222 of the Counterclaims.

16.     Admit the allegations set forth in paragraph 223 of the Counterclaims.

17.    Admit the allegations set forth in paragraph 224 of the Counterclaims.

18.    Admit the allegations set forth in paragraph 225 of the Counterclaims.

19.    Admit the allegations set forth in paragraph 226 of the Counterclaims.

20.    Admit the allegation set forth in paragraph 227 of the Counterclaims.

21.    Admit the allegations set forth in paragraph 228 of the Counterclaims.

22.    Admit the allegations set forth in paragraph 229 of the Counterclaims.

23.    Admit the allegations set forth in paragraph 230 of the Counterclaims.

24.    Admit the allegations set forth in paragraph 231 of the Counterclaims.

25.    Admit the allegations set forth in paragraph 232 of the Counterclaims.

26.    Deny the allegation set forth in paragraph 233 of the Counterclaims.

27.    Admit the allegations set forth in paragraph 234 of the Counterclaims.

28.    Admit the allegations set forth in paragraph 235 of the Counterclaims.

29.    In response to paragraph 236 of the Counterclaims, state that the averments in this paragraph are not factual and thus, no response is required.  To the extent a response is required to any factual averments contained in this paragraph, deny the allegations set forth in paragraph 236 of the Counterclaims.

30.    In response to paragraph 237 of the Counterclaims, state that this paragraph appears to set forth arguments, contentions, conclusions of law, or opinions to which no response is necessary.  To the extent a response is required to any factual averments in this paragraph, Plaintiff admits that Robert Berman is the Chief Executive Officer of Rekor, that James McCarthy is the Chairman of the Board of Directors and a Strategic Advisor to Rekor, and that Richard Nathan served as Chief Operating Officer of Rekor from April 2016 to February 2018, and otherwise states that NASDAQ Rule 5605's language speaks for itself.

31.     Deny the allegations set forth in paragraph 238 of the Counterclaims.

32.     Admit the allegation set forth in paragraph 239 of the Counterclaims.

33.     Admit the allegation set forth in paragraph 240 of the Counterclaims.

34.     Admit the allegation set forth in paragraph 241 of the Counterclaims.

35.     Admit the allegation set forth in paragraph 242 of the Counterclaims.

36.     Admit the allegation set forth in paragraph 243 of the Counterclaims, except note that Croxton did not attend the 2019 Annual Meeting.

37.     Admit that Firestorm Solutions is a wholly owned subsidiary of Rekor that has retained its corporate separateness, admit that Firestorm Solutions is a Delaware limited liability company, and admit that Firestorm Solutions' principal place of business is in the State of Maryland, otherwise deny the allegations set forth in paragraph 244 of the Counterclaims.

38.     Admit that Firestorm Franchising is a wholly owned subsidiary of Rekor that has retained its corporate separateness, admit that Firestorm Franchising is a Georgia limited liability company, and admit that Firestorm Franchising's principal place of business is in the State of Maryland, otherwise deny the allegations set forth in paragraph 245 of the Counterclaims.

## JURISDICTION

39.     In response to paragraph 246 of the Counterclaims, state that this paragraph appears to set forth arguments, contentions, conclusions of law, or opinions to which no response is necessary.

40.     In response to paragraph 244 [sic][1] of the Counterclaims, states that this paragraph appears to set forth arguments, contentions, conclusions of law, or opinions to which no response is necessary.  To the extent a response is required to any factual averments contained in this

---

[1]  The Counterclaims appear to have a typographical error in which its numbered paragraphs re-commence at paragraph 244 following paragraph 245 on page 24 of the Counterclaims.

paragraph, deny the allegations set forth in paragraph 244 of the Counterclaims, and further state that Counterclaim-Plaintiffs voluntarily withdrew Counterclaims 4 and 6 on April 6, 2020 [ECF No. 73] following receipt of Counterclaim-Defendants' motion to dismiss Counterclaims 4 and 6 under, *inter alia*, Fed. R. Civ 12(b)(2) for lack of personal jurisdiction over Counterclaim-Defendants Berman, McCarthy, de Bary, Goord, Harada, Hanlon, Nathan, and Croxton.

### FACTS COMMON TO ALL AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 245 of the Counterclaims, except note that the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint indicates as such.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 246 of the Counterclaims, except note that the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint indicates as such.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 247 of the Counterclaims, except note that the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint indicates as such.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 248 of the Counterclaims, except note that the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint indicates as such.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 249 of the Counterclaims, except note that the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint indicates as such.

46.     In response to paragraph 249 [sic][2] of the Counterclaims, states that this paragraph appears to set forth arguments, contentions, conclusions of law, or opinions to which no response is necessary.  To the extent a response is required to any factual averments in this paragraph, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 249 [sic] of the Counterclaims, including without limitation what Satterfield subjectively believed to be the reasonable exercise of his alleged business judgment.  Furthermore, in the event the argumentative statements contain factual allegations, denies those allegations.

47.     In response to paragraph 250 of the Counterclaims, states that this paragraph appears to set forth arguments, contentions, conclusions of law, or opinions to which no response is necessary.  To the extent a response is required to any factual averments in this paragraph, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 250 of the Counterclaims, including without limitation what Satterfield subjectively believed to be the reasonable exercise of his alleged business judgment.  Furthermore, in the event the argumentative statements contain factual allegations, denies those allegations.

48.     In response to paragraph 251 of the Counterclaims, states that this paragraph appears to set forth arguments, contentions, conclusions of law, or opinions to which no response is necessary.  To the extent a response is required to any factual averments in this paragraph, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

---

[2]  The Counterclaims appear to have a typographical error in which its numbered paragraphs re-repeat for paragraph 249.

paragraph 251 of the Counterclaims including without limitation what Satterfield subjectively believed to be the reasonable exercise of his alleged business judgment.  Furthermore, in the event the argumentative statements contain factual allegations, denies those allegations.

49.     In response to paragraph 252 of the Counterclaims, states that this paragraph appears to set forth arguments, contentions, conclusions of law, or opinions to which no response is necessary.  To the extent a response is required to any factual averments in this paragraph, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 252 of the Counterclaims, including without limitation what Satterfield subjectively believed to be the reasonable exercise of his alleged business judgment.  Furthermore, in the event the argumentative statements contain factual allegations, denies those allegations.

50.     Admit that Robert Berman and the Defendants had discussions in 2016 regarding the possibility of KeyStone acquiring Firestorm, otherwise deny the allegations set forth in paragraph 253 of the Counterclaims.

51.     Admit the allegation set forth in paragraph 254 of the Counterclaims.

52.     Admit that an email from Harry Rhulen was sent to Robert Berman on October 2, 2016, as reflected in Exhibit 2 to the Counterclaims, respectfully refer the Court to the Exhibit and the contents thereto, and otherwise deny the allegations set forth in paragraph 255 of the Counterclaims.

53.     Deny the allegations set forth in paragraph 256 of the Counterclaims.

54.     Deny the allegations set forth in paragraph 257 of the Counterclaims.

55.     Admit that professional services agreements ("PSAs") were entered into with the Defendants, admit that a copy of a PSA is annexed as Exhibit 3 to the Counterclaims, respectfully

refer the Court to the Exhibit and the contents thereto, and otherwise deny the allegations set forth in paragraph 258 of the Counterclaims.

56.     Admit that Harry Rhulen's initial title with Rekor was President, and Suzanne Loughlin's title was General Counsel and Chief Administrative Officer, respectfully refer the Court to the contents of the PSA annexed as Exhibit 3 to the Counterclaims and the contents thereto, and otherwise deny the allegations set forth in paragraph 259 of the Counterclaims.

57.     Admit that as part of the acquisition of Firestorm, Robert Berman worked with New York City-based investment bankers, and otherwise deny the allegations set forth in paragraph 260 of the Counterclaims.

58.     Admit that during the acquisition, Harry Rhulen and Suzanne Loughlin met with or spoke by telephone with Robert Berman, James McCarthy, and Richard Nathan to discuss and work on various Rekor business matters, otherwise deny the allegations set forth in paragraph 261 of the Counterclaims.

59.     Admit that Harry Rhulen provided services concerning the transaction with Brekford, respectfully refer the Court to the contents of the PSA annexed as Exhibit 3 to the Counterclaims and the contents thereto, and otherwise deny the allegations set forth in paragraph 262 of the Counterclaims.

60.     Admit the allegations set forth in paragraph 263 of the Counterclaims.

61.     Admit the allegation set forth in paragraph 264 of the Counterclaims, except note that the predecessor company name was KeyStone Solutions, Inc.

62.     Admit the allegation set forth in paragraph 265 of the Counterclaims, except note that Rekor's full name is Rekor Systems, Inc.

63.     Respectfully refer the Court to the contents of the PSA annexed as Exhibit 3 to the Counterclaims and the contents thereto, admit the allegations in paragraph 266 of the Counterclaims, but deny that Defendants Rhulen and Loughlin actually properly carried out their responsibilities, including any tasks or activities set forth in the draft December 28, 2016 agenda attached as Exhibit 4 to the Counterclaims.

64.     Admit the allegation set forth in paragraph 267 of the Counterclaims.

65.     Deny the allegation set forth in paragraph 268 of the Counterclaims.

66.     Admit the allegation set forth in paragraph 269 of the Counterclaims.

67.     Admit the allegation set forth in paragraph 270 of the Counterclaims.

68.     Admit the allegation set forth in paragraph 271 of the Counterclaims.

69.     Admit the allegation set forth in paragraph 272 of the Counterclaims, and respectfully refer the Court to Exhibit 5 to the Counterclaims and the contents thereto.

70.     Deny the allegation set forth in paragraph 273 of the Counterclaims.

71.     Admit the allegation set forth in paragraph 274 of the Counterclaims.

72.     Admit the allegation set forth in paragraph 275 of the Counterclaims, and respectfully refer the Court to Exhibit 6 to the Counterclaims and the contents thereto.

73.     Admit the allegations set forth in paragraph 276 of the Counterclaims, note that the intent of the visit was to perform a facilities due diligence, and respectfully refer the Court to Exhibit 7 to the Counterclaims and the contents thereto.

74.     Admit that no one from Rekor came to the Firestorm offices, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 277 of the Counterclaims.

75.     Admit the allegations set forth in paragraph 278 of the Counterclaims.

76.     Admit that no one from Rekor contacted any of the Firestorm Franchisees, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 279 of the Counterclaims.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 280, except admit that Exhibit 8 to the Counterclaims consists of copies of emails dated December 7, 2016 and December 8, 2016 allegedly exchanged between Satterfield and a CohenReznik employee, respectfully refer the Court to the contents thereof, but deny knowledge or information sufficient to form a belief as to the authenticity of Exhibit 8.

78.     Admit the allegations set forth in paragraph 281 of the Counterclaims.

79.     Deny the allegations set forth in paragraph 282 of the Counterclaims, except admit that the document attached as Exhibit 9 to the Counterclaims purports to be an email from Robert Berman to Harry Rhulen, and respectfully refer the Court to the contents thereto.

80.     Admit that Mr. Berman agreed to the amount of cash that would remain in Firestorm's accounts at closing, respectfully refer the Court to Exhibit 10 to the Counterclaims and the contents thereto, and otherwise deny the allegations set forth in paragraph 283 of the Counterclaims.

81.     Admit that Firestorm provided to Rekor unaudited year end 2016 financial statements during the Acquisition Process, except state that year-end 2016 was not closed at the time Firestorm provided the financial statements referred to in this paragraph, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 284 of the Counterclaims.

82.     Admit the allegations set forth in paragraph 285 of the Counterclaims.

83.     Deny the allegations set forth in paragraph 286 of the Counterclaims.

84.     Admit the allegations set forth in paragraph 287 of the Counterclaims.

85.     Admit the allegations set forth in paragraph 288 of the Counterclaims.

86.     Admit that Harry Rhulen was part of discussions regarding the Brekford transaction, the acquisition of the Global companies, and the Form S-1, and that Harry Rhulen had some involvement in the Global acquisition, otherwise deny the allegations set forth in paragraph 289 of the Counterclaims.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 290 of the Counterclaims, except admit that Exhibits 11 and 12 to the Counterclaims are: (a) a June 11, 2017 email from Robert Berman to Harry Rhulen; and (b) a March 2018 brochure from Beazley concerning the Embedded Workplace Violence Program, but deny knowledge or information sufficient to form a believe as to the brochure's authenticity, and respectfully refer to the Court to the contents thereof.

88.     Admit the allegations set forth in paragraph 291 of the Counterclaims.

89.     Deny the allegation set forth in paragraph 292 of the Counterclaims.

90.     Deny the allegation set forth in paragraph 293 of the Counterclaims.

91.     Admit the allegations set forth in paragraph 294 of the Counterclaims.

92.     Admit that the Audited Statements do not state that the Unaudited Statements were "erroneous or misleading".

93.     Admit the allegations set forth in paragraph 296 of the Counterclaims.

94.     Admit the Prospectus makes no statement or disclosure that the Unaudited Statements "were erroneous or misleading" or that the "Acquisition of Firestorm was induced by any fraud, or any false or misleading statements".

95.     Admit the allegations set forth in paragraph 298 of the Counterclaims, except state that the Company's full name at that time was Novume Solutions, Inc.

96.     Admit the allegation set forth in paragraph 299 of the Counterclaims.

97.     Deny the allegation set forth in paragraph 300 of the Counterclaims.

98.     Deny the allegation set forth in paragraph 301 of the Counterclaims.

99.     Deny the allegation set forth in paragraph 302 of the Counterclaims.

100.    Deny the allegation set forth in paragraph 303 of the Counterclaims.

101.    Deny the allegation set forth in paragraph 304 of the Counterclaims.

102.    Deny the allegation set forth in paragraph 305 of the Counterclaims.

103.    Deny the allegation set forth in paragraph 306 of the Counterclaims.

104.    Admit that James Satterfield circulated a complaint alleged to be from the four Presidents of the operating divisions of Rekor, otherwise deny the allegations set forth in paragraph 307 of the Counterclaims.

105.    Admit that the Board addressed the complaint circulated by James Satterfield alleged to be from the four Presidents of the operating divisions of Rekor, otherwise deny the allegation set forth in paragraph 308 of the Counterclaims.

106.    Deny the allegation set forth in paragraph 309 of the Counterclaims.

107.    Admit that in June 2018, Harry Rhulen made an alleged complaint which he presented to the Board concerning Robert Berman, otherwise deny the allegation set forth in paragraph 310 of the Counterclaims.

108.    Admit that the Board commenced an investigation into Harry Rhulen's alleged complaint, otherwise deny the allegations set forth in paragraph 311 of the Counterclaims.

109.    Admit that the Board designated the results of the investigation into Harry Rhulen's alleged complaint as confidential, otherwise deny the allegations set forth in paragraph 312, and further state that the allegations appear to set forth arguments, contentions, speculations, or opinions to which no response is necessary.

110.    Deny the allegation set forth in paragraph 313 of the Counterclaims.

111.    Admit that after Harry Rhulen was named Executive Vice President he told Robert Berman that it was his belief that he was required to execute certain duties, otherwise deny the allegations set forth in paragraph 314 of the Counterclaims.

112.    Deny the allegation set forth in paragraph 315 of the Counterclaims.

113.    Deny the allegations set forth in paragraph 316 of the Counterclaims.

114.    Admit that each of the Defendants sent a letter to Rekor whereby each resigned from their positions with Rekor and/or Firestorm, otherwise deny the allegations set forth in paragraph 317 of the Counterclaims.

115.    Admit the allegations set forth in paragraph 318 of the Counterclaims, except note that those assets were assumed by Firestorm Solutions, LLC.

116.    Admit the allegation set forth in paragraph 319 of the Counterclaims.

117.    Admit that in December 2018 Defendants and Firestorm came to an arrangement whereby Defendants were permitted to handle specific assignments or tasks Firestorm was unable or not willing to independently handle provided Defendants received Firestorm's permission, admit that Exhibit 13 to the Counterclaim are emails between Harry Rhulen and Jason Russell dated December 20, 2016 and December 21, 2016, respectfully refer the Court to the contents thereto, and otherwise deny the allegations set forth in paragraph 320 of the Counterclaims.

118.    Admit that in January 2019, Defendants, on a few isolated occasions, contacted Firestorm and requested permission to work with a particular client for a specific assignment, admit that Defendants provided quarterly memorandums to Firestorm documenting the clients they served and the percentage owed to Firestorm, otherwise deny knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 321 of the Counterclaims.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 322 of the Counterclaims.

120.    Admit that in April 2019, Harry Rhulen sent an email to Jason Russell attached as Exhibit 14 to the Counterclaims, respectfully refer the Court to the contents thereto, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 323 of the Counterclaims.

121.    Admit that in March 2019, CrisisRisk transmitted to Firestorm $1,600, respectfully refer the Court to Exhibit 15 to the Counterclaims and the contents thereto, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 324 of the Counterclaims, and further state that the allegations appear to set forth arguments, contentions, speculations, legal conclusions, or opinions to which no response is necessary.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 325 of the Counterclaims.

123.    Admit that in July 2019, Harry Rhulen sent an email to Rekor setting forth certain business allegedly engaged in by CrisisRisk, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 326 of the Counterclaims.

124.    Admit that in October 2019, Harry Rhulen sent an email to Rekor setting forth certain business allegedly engaged in by CrisisRisk, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 327 of the Counterclaims.

125.    Admit that in February 2020, Harry Rhulen sent an email to Rekor setting forth certain business allegedly engaged in by CrisisRisk, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 328 of the Counterclaims.

126.    Admit that in December 2018, temporary arrangements were made with Suzy Loughlin and Jim Satterfield that they would perform certain services for Rekor and/or Firestorm on a temporary basis, otherwise deny the allegations set forth in paragraph 329.

127.    Admit that an email from Jason Russell is attached as Exhibit 13 to the Answer, and respectfully refer the Court to the contents thereto, and otherwise deny the allegations set forth in paragraph 330 of the Counterclaims.

128.    Deny the allegations set forth in paragraph 331 of the Counterclaims.

129.    Deny the allegation set forth in paragraph 332 of the Counterclaims.

130.    Deny the allegations set forth in paragraph 333 of the Counterclaims.

131.    Deny the allegations set forth in paragraph 334 of the Counterclaims.

132.    Deny the allegations set forth in paragraph 335 of the Counterclaims.

133.    Deny the allegations set forth in paragraph 336 of the Counterclaims.

134.    Deny the allegations set forth in paragraph 337 of the Counterclaims.

135.    Admit that during the winter of 2019, CrisisRisk sent invoices to Firestorm, and otherwise deny the allegations set forth in paragraph 338 of the Counterclaims.

136.     Admit that in June 2019, Rekor and Firestorm Solutions, LLC sold certain assets of Firestorm Solutions, LLC to Secure Education Consultants, LLC, admit that, effective with the sale, Jason Russell resigned as President of Firestorm, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 339 of the Counterclaims.

137.     Admit the allegation set forth in paragraph 340 of the Counterclaims.

138.     Admit the allegations set forth in paragraph 341 of the Counterclaims.

139.     Admit the allegations set forth in paragraph 342 of the Counterclaims.

**First Counterclaim**
**(Breach of Employment Agreement)**

140.     No response to paragraph 343 of the Counterclaims is needed.

141.     Admit the allegations set forth in paragraph 344 of the Counterclaims.

142.     Admit the allegation set forth in paragraph 345 of the Counterclaims.

143.     Admit the allegations set forth in paragraph 346 of the Counterclaims.

144.     Deny the allegation set forth in paragraph 347 of the Counterclaims.

145.     Deny the allegations set forth in paragraph 348 of the Counterclaims.

146.     Deny the allegation set forth in paragraph 349 of the Counterclaims.

147.     Admit that after Harry Rhulen was named Executive Vice President, he told Robert Berman that it was his belief that he still had certain duties to Rekor and the shareholders of Rekor, otherwise deny the allegations set forth in paragraph 314 of the Counterclaims.

148.     Deny the allegation set forth in paragraph 351 of the Counterclaims.

149.     Deny the allegations set forth in paragraph 352 of the Counterclaims.

150.     Deny the allegations set forth in paragraph 353 of the Counterclaims.

151.     Deny the allegations set forth in paragraph 354 of the Counterclaims.

152.    Deny the allegations set forth in paragraph 355 of the Counterclaims.

**Second Counterclaim**
**(Breach of the Warrants)**

153.    No response to paragraph 356 of the Counterclaims is needed.

154.    Admit the allegations set forth in paragraph 357 of the Counterclaims.

155.    Admit the allegations set forth in paragraph 358 of the Counterclaims.

156.    Admit the allegations set forth in paragraph 359 of the Counterclaims.

157.    Admit that Claud s.V. Eley sent a letter as Rekor's outside counsel to Defendants on June 25, 2019 which stated the basis for Rekor's entitlement to rescission, and respectfully refer the Court to the contents thereto.

158.    Admit the allegation set forth in paragraph 361 of the Counterclaims.

159.    Admit the allegation set forth in paragraph 362 of the Counterclaims.

160.    Admit the allegation set forth in paragraph 363 of the Counterclaims.

161.    Deny the allegation set forth in paragraph 364 of the Counterclaims.

162.    Admit the allegation set forth in paragraph 365 of the Counterclaims.

163.    Deny the allegation set forth in paragraph 366 of the Counterclaims.

164.    Deny the allegations set forth in paragraph 367 of the Counterclaims.

165.    Admit the allegation set forth in paragraph 368 of the Counterclaims.

166.    Admit that paragraph 369 of the Counterclaims accurately quotes selected portions of the August 5th Letter, but incompletely quotes the letter, and otherwise respectfully refer the Court to the August 5th Letter and the contents thereto.

167.    Admit the allegations set forth in paragraph 370 of the Counterclaims.

168.    Admit that Rekor sought a declaration that Warrants were void in paragraph 181 of the Complaint, and respectfully refer the Court to the Complaint and the contents thereto.

169.     Admit that Rekor sought a declaration that Warrants are void in paragraph 202 of the Second Amended Complaint, and respectfully refer the Court to the Second Amended Complaint and the contents thereto.

170.     Deny the allegations set forth in paragraph 373 of the Counterclaims.

171.     Deny the allegations set forth in paragraph 374 of the Counterclaims.

172.     Deny the allegations set forth in paragraph 375 of the Counterclaims.

**Third Counterclaim**
**(Anticipatory Breach of Warrants)**

173.     No response to paragraph 376 of the Counterclaims is needed.

174.     Admit the allegation set forth in paragraph 377 of the Counterclaims.

175.     Deny the allegations set forth in paragraph 378 of the Counterclaims.

176.     Deny the allegations set forth in paragraph 379 of the Counterclaims.

177.     Deny the allegations set forth in paragraph 380 of the Counterclaims.

178.     Deny the allegations set forth in paragraph 381 of the Counterclaims.

**Fourth Counterclaim**
**(Breach of Fiduciary Duty)**

179.     No response to paragraph 382 of the Counterclaims is needed.

180.     Deny the allegations set forth in paragraph 383 of the Counterclaims.

181.     States that as a result of Counterclaim-Plaintiffs voluntarily withdrawal of this Counterclaim against Counterclaim-Defendants Berman, Hen, de Bary, Goord, Harada, Hanlon, Nathan, and Croxton [ECF No. 73], no response to paragraph 384 of the Counterclaims is necessary, and to the extent any response is necessary, denies the allegations in this paragraph.

182.     Deny the allegations set forth in paragraph 385 of the Counterclaims, and adopts and incorporates by reference the above responses to paragraphs 383 and 384.

183.    Deny the allegations set forth in paragraph 386 of the Counterclaims, and adopts and incorporates by reference the above response to paragraphs 383 and 384.

184.    Deny the allegations set forth in paragraph 387 of the Counterclaims, and adopts and incorporates by reference the above response to paragraphs 383 and 384.

185.    Deny the allegations set forth in paragraph 388 of the Counterclaims, and adopts and incorporates by reference the above response to paragraphs 383 and 384.

**Fifth Counterclaim**
**(Anticipatory Breach of Promissory Notes)**

186.    No response to paragraph 389 of the Counterclaims is needed.

187.    Admit the allegations set forth in paragraph 390 of the Counterclaims.

188.    Admit the allegation set forth in paragraph 391 of the Counterclaims.

189.    Admit the allegation set forth in paragraph 392 of the Counterclaims.

190.    Admit the allegation set forth in paragraph 393 of the Counterclaims.

191.    Admit the allegation set forth in paragraph 394 of the Counterclaims.

192.    Admit that Rekor sought a declaration that the Notes were void in paragraph 191 of the Complaint, and respectfully refer the Court to the Complaint and the contents thereto.

193.    Admit that Rekor sought a declaration that the Notes were void in paragraph 202 of the Second Amended Complaint, and respectfully refer the Court to the Second Amended Complaint and the contents thereto.

194.    Deny the allegations set forth in paragraph 397 of the Counterclaims.

195.    Deny the allegation set forth in paragraph 398 of the Counterclaims.

196.    Deny the allegation set forth in paragraph 399 of the Counterclaims.

197.    Deny the allegations set forth in paragraph 400 of the Counterclaims.

## Sixth Counterclaim
### (Libel)

198.    No response to paragraph 401 of the Counterclaims is needed.

199.    Admit the allegation set forth in paragraph 402 of the Counterclaims.

200.    Admit the allegation set forth in paragraph 403 of the Counterclaims.

201.    Deny the allegations set forth in paragraph 404 of the Counterclaims.

202.    Admit that paragraph 405 of the Counterclaims contains an accurate quotation from the Form 10-Q, and respectfully refer the Court to the complete Form 10-Q and the contents thereto.

203.    Admit that the quoted statement refers to the Defendants, and otherwise deny the allegations set forth in paragraph 406 of the Counterclaims.

204.    Admit the allegations set forth in paragraph 407 of the Counterclaims, except deny knowledge or information sufficient to form a belief as to whether the Defendants were the only officers of Firestorm prior to the Acquisition.

205.    Admit the allegation set forth in paragraph 408 of the Counterclaims.

206.    Deny the allegation set forth in paragraph 409 of the Counterclaims.

207.    Deny the allegation set forth in paragraph 410 of the Counterclaims.

208.    Deny the allegation set forth in paragraph 411 of the Counterclaims, and further state that on April 6, 2020, Counterclaim-Plaintiffs voluntarily withdrew this Counterclaim against all Counterclaim-Defendants other than Rekor [ECF No. 73].

209.    Deny the allegation set forth in paragraph 412 of the Counterclaims.

210.    Admit that Berman and Hen signed the Form 10-Q, respectfully refer the Court to the Form 10-Q and the contents thereto, and further state that on April 6, 2020, Counterclaim-

Plaintiffs voluntarily withdrew this Counterclaim against all Counterclaim-Defendants other than Rekor [ECF No. 73].

211.   Deny the allegations set forth in paragraph 414 of the Counterclaims, but note that the Audit Committee reviewed and recommended to the Board that it approve the 10-Q, but state that on April 6, 2020, Counterclaim-Plaintiffs voluntarily withdrew this Counterclaim against all Counterclaim-Defendants other than Rekor [ECF No. 73].

212.   Deny the allegations set forth in paragraph 415 of the Counterclaims, except admit that the Rekor Board reviewed and approved the 10-Q, but note that Croxton did not attend or participate in the 2019 annual meeting, and state that on April 6, 2020, Counterclaim-Plaintiffs voluntarily withdrew this Counterclaim against all Counterclaim-Defendants other than Rekor [ECF No. 73].

213.   Admit that Defendants seek damages on this counterclaim, and otherwise deny the allegations set forth in paragraph 416 of the Counterclaims.

214.   Admit that Defendants seek damages on this counterclaim, and otherwise deny the allegations set forth in paragraph 417.

215.   Admit that Defendants seek a judgment against Rekor and the Counterclaim-Defendants, but state that on April 6, 2020, Counterclaim-Plaintiffs voluntarily withdrew this Counterclaim against all Counterclaim-Defendants other than Rekor [ECF No. 73], and otherwise deny the allegations set forth in paragraph 418.

### Seventh Counterclaim
### (Indemnification By Firestorm Solutions)

216.   No response to paragraph 419 of the Counterclaims is needed.

217.   Admit the allegation set forth in paragraph 420 of the Counterclaims.

218.   Admit that the selected quote contained in paragraph 421 of the Counterclaims contains the accurate wording of the Purchase Agreement, and respectfully refer the Court to the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint and the contents thereto, further state that the allegations appear to set forth arguments, contentions, speculations, legal conclusions, or opinions to which no response is necessary, and to the extent any further response is deemed necessary, denies.

219.   Admit that the Defendants entered into employment agreements pursuant to the terms of the Purchase Agreement, and respectfully refer the Court to the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint and the contents thereto.

220.   Admit that Firestorm Solutions were governed by the FS Operating Agreement, and respectfully refer the Court to the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint and the contents thereto.

221.   Deny the allegations set forth in paragraph 424 of the Counterclaims.

222.   Admit that paragraph 425 of the Counterclaims accurately but selectively and incompletely quotes the FS Operating Agreement, and respectfully refer the Court to the FS Operating Agreement and the contents thereto.

223.   Admit that the selected quotes contained in paragraph 426 of the Counterclaims contain the accurate wording of the Second Amended Complaint, and respectfully refer the Court to the Second Amended Complaint and the contents thereto.

224.   Admit that Firestorm Solutions and Firestorm Franchising were required under the Purchase Agreement to deliver certain balance sheets to Rekor, and respectfully refer the Court to

the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint and the contents thereto.

225.     Admit that the Purchase Agreement referenced Estimated Closing Balance Sheets, and respectfully refer the Court to the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint and the contents thereto.

226.     Admit that the selected quotes contained in paragraph 429 of the Counterclaims contain the accurate wording of the Second Amended Complaint, and respectfully refer the Court to the Second Amended Complaint and the contents thereto.

227.     Admit that Defendants demanded indemnification through their September 24, 2019 letter, and respectfully refer the Court to the September 24, 2019 letter and the contents thereto.

228.     Admit that the Gilbert Letter rejected Defendants' demand for indemnification, and respectfully refer the Court to the Gilbert Letter and the contents thereto.

229.     Deny the allegation set forth in paragraph 432 of the Counterclaims.

230.     Deny the allegation set forth in paragraph 433 of the Counterclaims.

231.     Deny the allegation set forth in paragraph 434 of the Counterclaims.

## Eighth Counterclaim
### (Declaratory Judgment Against Firestorm Solutions)

232.     No response to paragraph 435 of the Counterclaims is needed.

233.     Deny the allegation set forth in paragraph 436 of the Counterclaims.

234.     Deny that Defendants are entitled to any remedy with respect to paragraph 437 of the Counterclaims.

**Ninth Counterclaim**
**(Specific Performance Against Firestorm Solutions)**

235.    No response to paragraph 438 of the Counterclaims is needed.

236.    Deny the allegations set forth in paragraph 439 of the Counterclaims.

237.    Deny that Defendants are entitled to any remedy with respect to paragraph 440 of the Counterclaims.

**Tenth Counterclaim**
**(Indemnification By Firestorm Franchising)**

238.    No response to paragraph 441 of the Counterclaims is needed.

239.    Admit the allegation set forth in paragraph 442 of the Counterclaims.

240.    Admit the allegation set forth in paragraph 443 of the Counterclaims.

241.    Deny the allegations set forth in paragraph 444 of the Counterclaims.

242.    Admit that paragraph 16 of the FF Operating Agreement provides for the indemnification of certain members and officers of Firestorm Franchising in certain circumstances, respectfully refer the Court to the FF Operating Agreement and the contents thereto, and also incorporates by reference Plaintiff's Opposition to Defendants' Motion for Interim Advancement of Fees and Expenses [ECF No. 61].

243.    Admit that the selected quotes contained in paragraph 446 of the Counterclaims contain the accurate wording of paragraph 16 of the FF Operating Agreement, and respectfully refer the Court to the FF Operating Agreement and the contents thereto.

244.    Admit that Defendants demanded indemnification through their September 30, 2019 letter, and respectfully refer the Court to the September 30, 2019 letter and the contents thereto.

245.     Admit that the Gilbert Letter rejected Defendants' demand for indemnification and stated that Satterfield's demand for expenses would not be paid, and respectfully refer the Court to the Gilbert Letter and the contents thereto.

246.     Deny the allegation set forth in paragraph 449 of the Counterclaims.

247.     Deny the allegation set forth in paragraph 450 of the Counterclaims.

248.     Deny the allegation set forth in paragraph 451 of the Counterclaims.

**Eleventh Counterclaim**
**(Declaratory Judgment Against Firestorm Franchising)**

249.     No response to paragraph 452 of the Counterclaims is needed.

250.     Deny the allegation set forth in paragraph 451 of the Counterclaims.

251.     Deny that Defendant is entitled to any remedy with respect to paragraph 454 of the Counterclaims.

**Twelfth Counterclaim**
**(Specific Performance Against Firestorm Franchising)**

252.     No response to paragraph 455 of the Counterclaims is needed.

253.     Deny the allegations set forth in paragraph 456 of the Counterclaims.

254.     Deny that Defendant is entitled to any remedy with respect to paragraph 457 of the Counterclaims.

**Thirteenth Counterclaim**
**(Indemnification By Rekor)**

255.     No response to paragraph 458 of the Counterclaims is needed.

256.     Deny the allegations set forth in paragraph 459 of the Counterclaims.

257.     Admit the allegations in paragraph 460 of the Counterclaims, and respectfully refer the Court to the Second Amended Complaint and the contents thereto.

258.     Admit the allegation set forth in paragraph 461 of the Counterclaims.

259.    Deny the allegations set forth in paragraph 462 of the Counterclaims.

260.    Admit that the selected quote contained in paragraph 463 of the Counterclaims contains the accurate wording of the Rekor Bylaws, and respectfully refer the Court to the Bylaws and the contents thereto.

261.    Admit that the Rekor Bylaws state an office of Rekor includes an officer of a predecessor company or Rekor, and respectfully refer the Court to the Bylaws and the contents thereto.

262.    Admit that Article 6.3 of the Rekor Bylaws provide for the advancement of fees in certain circumstances, respectfully refer the Court to the Rekor Bylaws and the contents thereto, and also adopts and incorporates by reference Plaintiff's Opposition to Defendants' Motion for Interim Advancement of Fees and Expenses [ECF No. 61].

263.    Admit that the October 2, 2019 letter sent on behalf of Defendants demanded indemnification, and respectfully refer the Court to the October 2, 2019 letter and the contents thereto.

264.    Admit that Mr. Boneberg sent a letter to Mr. Eley on October 4, 2019, otherwise deny the allegations set forth in paragraph 467 of the Counterclaims.

265.    Admit that the Gilbert Letter rejected Defendants' demand for indemnification, stated that Rekor would not indemnify Defendants, and stated that Rekor would not pay Defendants' expenses in this Action.

266.    Deny the allegation set forth in paragraph 469 of the Counterclaims.

267.    Deny the allegation set forth in paragraph 470 of the Counterclaims.

268.    Deny the allegation set forth in paragraph 471 of the Counterclaims.

**Fourteenth Counterclaim**
**(Declaratory Judgment Against Rekor)**

269.   No response to paragraph 472 of the Counterclaims is needed.

270.   Deny the allegation set forth in paragraph 473 of the Counterclaims.

271.   Deny that Defendant is entitled to any remedy with respect to paragraph 474 of the Counterclaims.

**Fifteenth Counterclaim**
**(Specific Performance Against Rekor)**

272.   No response to paragraph 475 of the Counterclaims is needed.

273.   Deny the allegations set forth in paragraph 476 of the Counterclaims.

274.   Deny that Defendant is entitled to any remedy with respect to paragraph 477 of the Counterclaims.

**Sixteenth Counterclaim**
**(Indemnification under the Purchase Agreement)**

275.   No response to paragraph 478 of the Counterclaims is needed.

276.   Admit that Article VIII.2 (c) (ii) of the Purchase Agreement provides for indemnification in certain circumstances, respectfully refer the Court to the Membership Interest Purchase Agreement annexed as Exhibit A to the Second Amended Complaint and the contents thereto, and also adopts and incorporates by reference Plaintiff's Opposition to Defendants' Motion for Interim Advancement of Fees and Expenses [ECF No. 61].

277.   Deny the allegations set forth in paragraph 480 of the Counterclaims.

278.   Deny the allegations set forth in paragraph 481 of the Counterclaims.

279.   Admit that Defendants demanded indemnification through their October 3, 2019 letter, and respectfully refer the Court to the October 3, 2019 letter and the contents thereto.

280.     Admit that the Gilbert Letter rejected Defendants' demand for indemnification, and respectfully refer the Court to the Gilbert Letter and the contents thereto.

281.     Deny the allegations set forth in paragraph 484 of the Counterclaims.

282.     Deny the allegation set forth in paragraph 485 of the Counterclaims.

283.     Deny the allegations set forth in paragraph 486 of the Counterclaims.

**Seventeenth Counterclaim**
**(Declaratory Judgment Under the Purchase Agreement)**

284.     No response to paragraph 487 of the Counterclaims is needed.

285.     Deny the allegations set forth in paragraph 488 of the Counterclaims.

286.     Deny that Defendant is entitled to any remedy with respect to paragraph 489 of the Counterclaims.

**Eighteenth Counterclaim**
**(Specific Performance Under the Purchase Agreement)**

287.     No response to paragraph 490 of the Counterclaims is needed.

288.     Deny the allegation set forth in paragraph 491 of the Counterclaims.

289.     Deny that Defendant is entitled to any remedy with respect to paragraph 492 of the Counterclaims.

**Nineteenth Counterclaim**
**(Breach of Contract)**

290.     No response to paragraph 493 of the Counterclaims is needed.

291.     Deny the allegations set forth in paragraph 494 of the Counterclaims.

292.     Deny the allegation set forth in paragraph 495 of the Counterclaims.

293.     Deny the allegation set forth in paragraph 496 of the Counterclaims.

294.     Deny the allegation set forth in paragraph 497 of the Counterclaims.

**Twentieth Counterclaim**
**(Breach of Contract)**

295.     No response to paragraph 498 of the Counterclaims is needed.

296.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 499 of the Counterclaims.

297.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 500 of the Counterclaims.

298.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 501 of the Counterclaims.

299.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 502 of the Counterclaims.

300.     Admit that Rekor has not paid Jim Satterfield the amount listed on the Satterfield Invoice, otherwise deny the allegations set forth in paragraph 503 of the Counterclaims.

301.     Deny the allegation set forth in paragraph 504 of the Counterclaims.

302.     Deny the allegation set forth in paragraph 505 of the Counterclaims.

303.     Deny the allegation set forth in paragraph 506 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

304.     The Counterclaims fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

305.     The Counterclaims fail to set forth a simple, concise, and direct statement of the claim as mandated under Fed. R. Civ. P. 8(b).

## THIRD AFFIRMATIVE DEFENSE

306.     The Counterclaims are barred by the doctrines of estoppel, laches, ratification, waiver, set-off, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

307.    To the extent any of the Counterclaims sound in fraud, the Counterclaims fail to plead fraud with the particularity required under Fed. R. Civ. P. 9(b).

### FIFTH AFFIRMATIVE DEFENSE

308.    Counterclaim-Plaintiffs will be unjustly enriched if they are awarded any relief requested in the Counterclaims.

### SIXTH AFFIRMATIVE DEFENSE

309.    The Counterclaims are barred in whole or in part by the appropriate statute of limitations or repose.

### SEVENTH AFFIRMATIVE DEFENSE

310.    At all relevant times Counterclaim-Defendants acted in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

311.    The Counterclaims are barred in whole or in part because the actions or omissions of the Counterclaim-Defendants were not the direct, proximate, or actual cause of any injuries or damages allegedly sustained by Counterclaim-Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

312.    The Counterclaims, and each cause of action for relief contained therein, is barred because Counterclaim-Defendants' actions were justified.

### TENTH AFFIRMATIVE DEFENSE

313.    On information and belief, each and every Counterclaim is barred by Counterclaim-Plaintiffs' failure to avoid consequences or mitigate alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

314.    On April 6, 2020, Counterclaim-Plaintiffs voluntarily dismissed all Counterclaims against all Counterclaim-Defendants other than Rekor.

**TWELFTH AFFIRMATIVE DEFENSE**

315.    Counterclaim-Plaintiffs' Counterclaims and each contractually-related cause of action contained therein are barred, in whole or in part, by Counterclaim Plaintiffs' failure to support such causes of action with written, executed documentation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

316.    Counterclaim-Plaintiffs' Counterclaims and each contractually-related cause of action contained therein are barred, in whole or in part, by Counterclaim-Plaintiffs' own breaches with respect to the referenced agreements, including their PSAs and employment agreements.

**FOURTEENTH AFFIRMATIVE DEFENSE**

317.    Counterclaim-Plaintiffs' Counterclaims and each contractually-related cause of action contained therein are barred, in whole or in part, by the doctrine of mootness.

**FIFTEENTH AFFIRMATIVE DEFENSE**

318.    The Counterclaims and each cause of action contained therein are barred, in whole or in part, by Counterclaim-Plaintiffs' fraud.

**SIXTEENTH AFFIRMATIVE DEFENSE**

319.    On the facts alleged, Counterclaim-Plaintiffs are not entitled to the costs and expenses of this action, attorney's fees, or other relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

320.    Counterclaim-Defendants reserve their right to assert additional affirmative defenses upon the discovery of facts not presently known.

Dated:  April 22, 2020           **FLEISCHMAN BONNER & ROCCO LLP**

/s/ Keith M. Fleischman
Keith M. Fleischman
June Park
Joshua D. Glatter
Tyler E. Van Put
81 Main Street, Suite 515
White Plains, NY 10601
Tel:     (914) 278-5100
Fax:     (917) 591-5245
kfleischman@fbrllp.com
jpark@fbrllp.com
jglatter@fbrllp.com
tvanput@fbrllp.com

*Counsel for Plaintiff and Counterclaim-Defendants*