```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
REKOR SYSTEMS, INC.,                                              :
                                                                  :
          -v-                                                     :
                                                                  :   19-cv-7767 (LJL)
SUZANNE LOUGLIN, et al.                                           :
                                                                  :   ORDER
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------:
                                                                  X


LEWIS J. LIMAN, United States District Judge:

   Defendants Satterfield, Loughlin, Rhulen, and additional counterclaim-plaintiff CrisisRisk ("Moving Parties") seek an order compelling Plaintiff Rekor, Systems, Inc. ("Rekor") to produce the following discovery:

1. Materials that concern Rekor's allegation that Loughlin had supervisory duties with respect to Firestorm. The Moving Parties contend that these materials are relevant to Rekor's claim that Loughlin supervised Satterfield while he engaged in wrong-doing at Rekor. *See* Dkt. No. 64 ("SAC") ¶¶ 5, 109).

2. Materials concerning any evaluation, employee review, or investigation of Defendants. The Moving parties contend that these materials are relevant to Rekor's allegations of misconduct by Defendants while they were at Rekor and to Rhulen's claim for breach of his employment agreement by his demotion.

3. Materials concerning evaluations and investigations of Counter-Claim Defendant Robert A. Berman ("Berman"), including but not limited to those arising from the complaints of Rhulen, Satterfield, and Rekor's former CFO, Carl Kumpf. Defendants contend that these documents are relevant to allegations in their counterclaims against Berman.

*See* Dkt. No. 71.

   The scope of discovery, defined under Rule 26 of the Federal Rules of Civil Procedure, is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see* Fed. R. Civ. P. 26; *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947). "[D]iscovery is not limited to the issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues . . . Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc.*, 437 U.S. at 351.

Accordingly, "although not unlimited, relevance, for the purposes of discovery, is an extremely broad concept". *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y.2004)).

Under Rule 26(c)(1)(C), the Court "may, for good cause, issue an order to protect a party . . . including . . . : prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C).

As to the first category of materials sought by the Moving Parties, the Court DENIES the motion to compel. The request as drafted is unduly broad and burdensome. Pursuant to its powers under Rule 26(c)(1), the Court authorizes defendants to inquire into this category of discovery through interrogatories and a deposition pursuant to Fed. R. Civ. P. 30(b)(6). Defendants may renew the request should Rekor not produce an appropriate 30(b)(6) witness or answer interrogatories.

As to the second and third categories, the Court GRANTS the motion to compel discovery. The materials sought are relevant and proportional to the needs of the case, and are not unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1).

SO ORDERED.

Dated: September 24, 2020

New York, New York

LEWIS J. LIMAN

United States District Judge