# ROBERT C. BONEBERG, ESQUIRE
43 Madison Avenue
Maplewood, New Jersey  07040
(973) 886-6576 (c)
bonebergesquire@gmail.com

Via ECF
Hon. Lewis J. Liman
U.S.D.J.
United States Courthouse
500 Pearl Street, Room 701
New York, DC New York 10007

October 29, 2020

Re: *Rekor Systems, Inc. v. Loughlin, et al.*, 1:19-cv-7767 (LJL)

Dear Judge Liman:

Mr. McFerrin-Clancy and I are attorneys for Defendants Satterfield, Loughlin, and Rhulen, and for CrisisRisk, the additional counterclaim-plaintiff. Fleischman Bonner & Rocco LLP represents the plaintiff ("Rekor").

We write to ask that your Honor compel Rekor to comply with the Court's Order, dated September 24, 2020 (the "Order"), by producing on a date certain any and all reports concerning complaints about the Rekor CEO, Mr. Berman, as sought by the Defendants and as detailed herein. Simply put, Rekor is trying to evade the Order through obfuscation and delay. To make matters worse, in the related action *Loughlin, et al. v. Goord*, 1:20-cv-6357 (LJL) (the "Goord Action"), Defendant Goord, who is a Director of Rekor and who is represented by the same counsel as Rekor herein, has moved to dismiss that complaint because it does not contain sufficient detail as to how Rekor responded to the complaints against Mr. Berman. In other words, Rekor is obstructing the disclosure of the Berman investigation reports in this Action, while the Rekor Director, Goord, is complaining that the Goord Action complaint is defective because it does not set forth information found in the withheld reports. (The Defendants herein are the plaintiffs in the Goord Action.)

We attempted to resolve this issue through my letter of October 13, 2020, which is attached hereto as Exhibit 1. Rekor's counsel equivocated with respect to the production of the reports in his letter of October 20, 2020, which is attached hereto as Exhibit 2. Counsel conferred by telephone on October 27, 2020, and counsel for Rekor confirmed that their final position with respect to the production of the Berman reports was that set forth in his letter of October 20th.

**Case Status**

The parties have begun discovery and have served various requests and responses. Pending before the Court are Defendants' motion for interim attorney's fees and Defendants' motion for judgment on the pleadings dismissing Rekor's rescission claim.

### The Prior Application and The Order

By my letter of July 6, 2020 (Docket No. 89), Defendants asked the Court to compel Rekor to produce documents in response to certain document demands, including Demands 5:3 and 5:5, which sought materials concerning various evaluations and investigations of Mr. Berman. Rekor opposed this application by a letter, dated July 6, 2020. (Docket No. 90)

By the Order, the Court granted Defendants' application as to Demands 5:3 and 5:5. (Docket No. 91)

### The Present Dispute

By my letter of October 13th, Exhibit 1, Defendants sought the productions of the relevant Berman reviews and reports themselves while deferring the production of any related ESI. As I stated, we believe that such reports are easily identifiable stand-alone documents that can be produced without any difficulty

By his letter of October 20th, Exhibit 2, Rekor's counsel makes two statements. First, he denies that three of the four "investigations" ever occurred. (Rekor appears to concede the existence of the report resulting from the Rhulen complaint.) This is consistent with our concern as raised in my July 6th letter that the Rekor Board tried to avoid public disclosure obligations by characterizing its investigation of the Kumpf complaint as Mr. Berman's annual employee review. As to the Presidents' Investigation and the Latifullah Investigation, attached as Exhibit 3 is a string of 2018 emails from Mr. Rhulen to Rekor Board members in which Mr. Rhulen discusses the Board's "four president interviews" and a report from "Riaz" [Latifullah] concerning Mr. Berman. Defendants are seeking the reports that show the Board's response to these matters, regardless of whether the Board characterizes these events as separate investigations, or as subparts of another investigation, or under some other convenient euphemism.

Second, Rekor's counsel goes on to state that responsive materials "to the extent they exist, will be collected, reviewed for responsiveness, relevance, and privilege, and, thereafter, if appropriate, produced in the normal course of discovery." We interpret this lawyer talk as meaning that the reports and reviews will be produced on the third day after never.

Meanwhile, in the recently filed memorandum supporting the Motion to Dismiss in the Goord Action, Goord states that the amended complaint therein is deficient because "the [Amended Complaint] ... does not state or explain what response or investigation Rekor or any of its Board (including Goord) took in response to Rhulen's complaint...." (Goord Action Docket No. 12, p. 19) The reports and reviews that Rekor is withholding should allow the Defendants to provide the information sought in the Goord Action.

### Conclusion

The Court has ordered that the materials sought be produced. Rekor's argument, based on nomenclature, that they might not exist, or that they may not be relevant, is a smokescreen. The assertion in the Goord Action that Defendants have not particularized the information found in the withheld documents is a further argument for their immediate production. There is no good reason

why Rekor should delay producing this small group of documents until it gets good and ready to produce them, if ever that day comes.

In sum, there is no reason that Rekor should not be required to comply with the Order by its forthwith production of the Berman investigation reports and reviews that are called for in the Defendants' document requests.

Respectfully submitted,

*Robert C. Boneberg*

Robert C. Boneberg

cc: John J. D. McFerrin-Clancy, Esq (Via ECF)
    Keith M. Fleischman, Esq. (Via ECF)
    Joshua D. Glatter, Esq. (Via ECF)

ORDERED that Plaintiff shall file a response, by letter not exceeding 3 single-spaced pages, by 5:00 p.m. tomorrow, October 30, 2020.

IT IS FURTHER ORDERED that the Court will hold a hearing on this motion AND to hear argument on the pending motions for attorney's fees and for judgment on the pleadings, at Dkt. Nos. 54 and 55, on November 4, 2020 at 12:00 p.m. by TELEPHONE CONFERENCE. At that date and time, the parties are directed to dial the Court's conference line at 888-251-2909 (access code: 2123101).

IT IS FURTHER ORDERED that the Court will hold a case management conference on November 12, 2020 at 10:00 a.m. by TELEPHONE CONFERENCE to address whether this case should be consolidated with *Loughlin v. Goord*, 20-cv-6357 (S.D.N.Y) (LJL). At that date and time, the parties are directed to dial the same teleconference line listed above. The parties are ORDERED to file a letter with the Court by 5:00 p.m. on November 9, 2020 stating any objection to consolidation.

SO ORDERED. 10/29/2020

SO ORDERED.

LEWIS J. LIMAN
United States District Judge