USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                       :

REKOR SYSTEMS, INC.,                      :
                                         :
                                       :
                        Plaintiff,       :         19-cv-7767 (LJL)
         -v-                          :
                                       :         ORDER
SUZANNE LOUGHLIN, et al.,          :
                                       :
                       Defendants.    :
                                       :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs/Counterclaim Defendants Rekor Systems, Inc. ("Rekor"), move the Court, pursuant to its inherent powers, for an order directing counsel for Defendants/Counterclaims Plaintiffs in this litigation to direct their clients not to have communications with members of the Rekor Board of Directors.  They assert that Defendants/Counterclaim Plaintiffs had "highly irregular and inappropriate communications" with members of the Rekor Board of Directors, i.e., packages containing the summary judgment motion in this case, which purportedly made the recipients "extremely uncomfortable."  Dkt No. 130.  They also ask the Court to order counsel for Defendants/Counterclaim Plaintiffs to state when they learned that their clients initiated such communications and why they did not alert counsel to the fact of the communications.  *Id.*

Counsel for Defendants/Counterclaim Plaintiffs Satterfield and Rhulen respond that they did not request, direct, or cause Mr. Satterfield to send his letter, with enclosures, to various Rekor Board members and did not draft, edit, or review Mr. Satterfield's letter before it was sent. They advise that Mr. Satterfield "wrote his letter and mailed his packages because he wanted to communicate directly with the Rekor Board."  Mr. Rhulen had no communications with Rekor Board members; he simply loaned his FedEx account to Mr. Satterfield to use to send his

packages. Counsel for the Defendants/Counterclaim Plaintiffs (but not counsel for the Plaintiffs/Counterclaim Defendants) attach the letter. It is benign. It asks the board members to review the summary judgment motion recently filed in this case and an email reflecting recent settlement negotiations and adds: "A settlement would be positive for Rekor. It would eliminate debt, expense, litigation and the franchisee arbitration. A settlement offers certainty, protects shareholder value, and allows Rekor to publish a positive press release about the sale of Firestorm." Dkt No. 131.

None of that would be unknown to a Rekor Board member. None of it can be remotely characterized as threatening or harassing. It is also not irregular or inappropriate for sophisticated business people who are parties to a litigation to attempt to settle a case between themselves without the intervention of counsel. Although the Directors were voluntarily dismissed from this lawsuit, they "control and supervise Rekor, including this litigation." Dkt No. 130 n.1. Such communications—particularly when they are between sophisticated business people—frequently are salutary. If the settlement outreach here was unwelcome, members of the Board could ignore it and consult counsel—as they apparently did here. There is also nothing wrong with that.

The Court possesses the inherent power to enforce the disciplinary rules of the State of New York. *See United States v. Hammad*, 858 F.2d 834, 837 (2d Cir.1988) ("Although the restrictions of professional codes are not statutorily mandated, 'federal courts enforce professional responsibility standards pursuant to their general supervisory authority over members of the bar.'") (citing *In re Snyder*, 472 U.S. 634, 645 n.6 (1985)); *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (federal courts have "inherent power to 'preserve the integrity of the adversary process'" and are "general[ly]

guid[ed]" but not absolutely bound to the American Bar Association and state disciplinary rules in exercising that authority).[1]  The applicable rule here, New York Rule of Professional Conduct 4.2, does not prevent a party to a litigation from reaching out to another party to the litigation to discuss the litigation so long as the communication is not directed or caused by counsel.  It states:

> (a)   In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.
>
> (b)   Notwithstanding the prohibitions of paragraph (a), and unless otherwise prohibited by law, a lawyer may cause a client to communicate with a represented person unless the represented person is not legal competent, and may counsel the client with respect to those communications, provided that the lawyer gives reasonable advance notice to the represented person's counsel that such communications will be taking place.

N.Y. R.P.C 4.2; *see also id.*, cmt. 11 ("Persons represented in a matter may communicate directly with each other. A lawyer may properly advise a client to communicate directly with a represented person, and may counsel the client with respect to those communications, provided the lawyer complies with paragraph (b)."); *cf* ABA Model Rules, cmt. 4 ("Parties to a matter may communicate directly with each other, and a lawyer is not prohibited from advising a client concerning a communication that the client is legally entitled to make.").

---

[1] "The Court also notes that Civil Rule 1.5(b)(5) of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York binds attorneys appearing before those courts to the New York State Rules of Professional Conduct. See Local Civ. R. 1.5(b)(5)." *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 372 n.1 (E.D.N.Y. 2010).

The uncontroverted evidence in this instance is that counsel did not "cause" the communication. It was initiated entirely by a party himself. Therefore, there was no duty to inform counsel of the communication and no ethical violation.

The motion is denied.


SO ORDERED.

Dated: May 28, 2021
       New York, New York

                                LEWIS J. LIMAN
                          United States District Judge