# FLEISCHMAN BONNER & ROCCO LLP
## ATTORNEYS AT LAW

81 MAIN STREET • SUITE 515 • WHITE PLAINS • NEW YORK • 10601
TEL: 914.278.5100 • FAX: 917.591.5245 • WEB: WWW.FBRLLP.COM                    EMAIL: kfleischman@fbrllp.com

August 25, 2021

**VIA ECF**

Hon. Lewis J. Liman, United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

> Re:  *Rekor Systems, Inc. v. Suzanne Loughlin, et al.*, No. 19-cv-7767 (LJL) ("Rekor Action");
> *Suzanne Loughlin, et al. v. Glenn Goord*, No. 20-cv-6357 (LJL) ("Goord Action")
> **Letter-Motion to Compel Discovery**

Dear Judge Liman:

We represent Plaintiff Rekor Systems, Inc. ("Rekor"), and Counterclaim-Defendants Firestorm Solutions, LLC and Firestorm Franchising, LLC (collectively, "the Rekor Parties"), as well as Defendant Glenn Goord ("Goord"). We write to respectfully request that, for the reasons detailed below, the Court issue an Order directing Defendants/Counterclaim Plaintiffs Suzanne Loughlin, Harry Rhulen, and James Satterfield (collectively, "Defendants") to produce materials responsive to certain of the Rekor Parties' and Mr. Goord's document requests no later than September 10, 2021. The parties have discussed these issues on multiple occasions both telephonically and in writing but have been unable to resolve this dispute.

**Rekor's Document Requests**

In April and October 2020, the Rekor Parties served document requests in the Rekor Action. Defendants objected to and refused to produce responsive documents for several of these requests.[1] After multiple meet-and-confers, the Rekor Parties sent Defendants several narrowed amended document requests in an attempt to reach a compromise. *See* March 22, 2021 Letter to Defendants, attached as Exhibit C. However, Defendants have continued to refuse to provide responsive documents for these highly relevant, reasonably narrowed requests that have not already been captured by exchanged search terms.

Accordingly, we request that the Court compel production on a small subset of the revised requests which are set forth below:

- Rekor's Revised 1st Set of RFPs Nos. 13 and 14: These requests seek: (a) documents concerning the acquisition of Firestorm by Keystone (Rekor's predecessor); and (b) documents concerning Firestorm that Defendants provided to Keystone from the period before and up to the Firestorm acquisition. These requests go to the heart of Rekor's fraudulent omission claim regarding Defendants' alleged material misrepresentations or omissions to Keystone concerning Firestorm. The requests are also directly relevant to Defendants' defenses, including their

---

[1] *See* Defendants' Responses and Objections to Rekor's 1st Set of RFPs and Defendants' Responses and Objections to Rekor's 2nd Set of RFPs, attached as Exs. A and B hereto.

FLEISCHMAN BONNER & ROCCO LLP
ATTORNEYS AT LAW

Hon. Lewis J. Liman, United States District Judge
August 25, 2021
Page 2

> assertion that they supposedly adequately disclosed information regarding Firestorm before the acquisition.

- Rekor's Revised 1st Set of RFPs No. 26: This request seeks documents concerning any discussions between Defendants and Beazley plc regarding potential business between them. Responsive documents would include documents regarding any imminent multi-million dollar deals for Firestorm's provision of crisis insurance coverage. The Rekor Parties allege that was a material misrepresentation that Rekor relied upon in deciding to acquire Firestorm.[2]

- Rekor's Revised 2nd Set of RFPs Nos. 4 and 5: These requests seek documents for a very narrow period of time (October to December 2018) concerning any discussions of how to copy, download, transfer, or save any documents or whether to delete, erase, or otherwise destroy any documents from Defendants' company email accounts. These requests are highly relevant to the Rekor Parties' data theft and destruction claims against Defendants (*see* SAC ¶¶172-201). Defendants responded that "*they do not believe that there are any documents responsive to this Document Request.*" *See* Ex. B. Defendants' response was unclear as to whether they actually conducted a reasonably diligent search and inquiry for responsive documents, or whether these responses were based solely on their own subjective "beliefs." Nonetheless, we subsequently notified Defendants that at least *some* responsive materials should exist as evidenced by a December 26, 2018 email between Defendant Satterfield and Firestorm employee Bill Baker, found by Rekor, in which instructions were provided on "*Copying your Firestorm Email ARCHIVE folder.*" Yet even after we identified that document to Defendants, they persisted in refusing to further amend their responses to these Requests.

We therefore respectfully request Your Honor order Defendants to provide responsive documents for the above document requests no later than September 10, 2021.

**Goord's Document Requests**

Glenn Goord, in the consolidated, related Goord Action, also served document requests on Defendants on December 28, 2020 pursuant to the Court's Case Management Plan and Scheduling Order (ECF No. 101) which set that deadline. We ask the Court to direct Defendants to produce documents responsive to Mr. Goord's document requests.[3]

For all but two of Mr. Goord's sixteen (16) document requests, Defendants asserted several objections, then agreed to produce documents but only subject to the improper qualification that documents "*will be produced in response to Rekor's document demands in this consolidated action.*" *See* Plaintiffs' Responses and Objections to Goord's 1st Set of RFPs, attached as Exhibit D (RFP Nos. 1-12, 14, 16). In other words, Defendants asserted they would only produce documents responsive to Mr. Goord's requests if those documents are also responsive to Rekor's previously served requests in the Rekor

---

[2] *See* Second Am. Compl. ("SAC") ¶¶35-40, 93-97.

[3] In the interests of streamlining discovery, Mr. Goord is willing to drop his RFP Nos. 1 and 2 and therefore does not seek responsive documents for those RFPs.

**FLEISCHMAN BONNER & ROCCO LLP**
ATTORNEYS AT LAW

Hon. Lewis J. Liman, United States District Judge
August 25, 2021
Page 3

Action. Defendants therefore have wrongly and unilaterally decided that their search-and-production obligations in the Goord Action is capped by what they have chosen to produce in the Rekor Action. That position is particularly meritless given that Mr. Goord served requests that are non-duplicative of the Rekor Parties' requests in the Rekor Action.[4] Defendants' responses fail to even specifically identify which of the Rekor Parties' earlier requests will generate produced documents responsive to these Goord requests. In subsequent correspondence and meet-and-confers, Defendants did not identify any Goord Action requests that purportedly duplicated the Rekor Action requests.

Defendants' qualified response also violates Fed. R. Civ. P. 34(b)(2)(C). That Rule specifically requires that responses clearly disclose if responsive materials are being withheld on the basis of an objection/response. Defendants' objections and qualified response, which they have repeatedly refused to amend, prohibits us or Your Honor from determining whether any responsive documents are being withheld. Nor do they provide any transparency as to whether Defendants conducted a reasonably diligent search and inquiry for documents responsive to these Goord Action requests beyond providing documents responsive to previously-served requests in the Rekor Action.

For the two remaining Goord Action requests (for which Defendants did not assert the qualified response discussed above), Defendants confusingly assert they "*do not believe that they have documents that are responsive to this Document Request.*" We raised the cryptic nature of these responses with Defendants, noting that it is unclear whether Defendants actually conducted a reasonably diligent search and inquiry as to whether they have responsive documents, or if this response was based solely on their own subjective "beliefs." Defendants have nevertheless refused to further clarify their ambiguous responses.

We therefore respectfully request that Your Honor direct Defendants to: (a) explain in detail whether they conducted a reasonably diligent search and inquiry for documents responsive to the Goord Action requests; (b) clarify whether that search and inquiry involved any actions beyond searching for and producing documents responsive to the Rekor Action requests; and (c) to the extent they have not already done so, conduct a reasonably diligent search for and produce documents responsive to the Goord Action requests, even if that may require producing documents not previously produced in the Rekor Action.

For the reasons set forth above, we respectfully request that the Court grant the Rekor Parties' and Mr. Goord's motion to compel production in its entirety.

Defendants represent that all responsive documents have been produced. Accordingly, the motion for discovery is denied without prejudice.

August 31, 2021

SO ORDERED.
LEWIS J. LIMAN
United States District Judge

Respectfully submitted,

*Keith Fleischman*

Keith M. Fleischman

---

[4] For example, Goord's RFP No. 6 seeks all documents relating to Plaintiffs' allegation that Mr. Goord aided and abetted Robert Berman in the "Retaliation Campaign." No similar RFP was issued in the Rekor Action.