# ROBERT C. BONEBERG, ESQUIRE
43 Madison Avenue
Maplewood, New Jersey 07040
(973) 886-6576 (c)
bonebergesquire@gmail.com

Via ECF
Hon. Lewis J. Liman
U.S.D.J.
United States Courthouse
500 Pearl Street, Room 701
New York, DC New York 10007

November 17, 2021

Re: *Rekor Systems, Inc. v. Loughlin, et al.*, 1:19-cv-7767 (LJL)
Enforcement of Attorney Fee Advancement Order

Dear Judge Liman:

Mr. McFerrin-Clancy and I are attorneys for Defendants. We write to request that Your Honor order plaintiff Rekor Systems, Inc. ("Rekor") to pay to Defendants the sum of $95,959.11, which represents a partial advancement of attorney fees, pursuant to the Opinion & Order of the Court, dated November 23, 2020. (Docket No. 104) (the "Advancement Order")

Defendants demanded the advancement at issue on September 1, 2021. As set forth herein, there is no dispute as to the amount of fees presently owed to Defendants, that is, $95,959.11.

Rekor has refused to pay this sum because it claims that it is in "discussions" with its insurance carrier. The present demand was made some 12 weeks ago. The parties have been in agreement as to the amount owed for one month. There is no provision in the Advancement Order that conditions the obligations of Rekor, a public company, upon purported unilateral discussions with its insurance carrier, which discussions might take place any time and might have any result. It is not reasonable for Rekor to expect Defendants to sit and wait while Rekor avoids its obligations and instead engages in discussions with its insurance carrier or in such other activities as Rekor chooses. Accordingly, the Court should direct Rekor to pay forthwith the sum of $95,959.11 to Defendants.[1]

Defendants previously demanded the advancement of fees for the period from the commencement of the action through December 31, 2019. After some communications between counsel, a compromise was reached and that compromise amount was paid to Defendants.

On September 1, 2021, Defendants demanded advancement in the sum of $103,077.13 for the period from January 1, 2020 through June 30, 2020 (the "Demand")[2]. (Exhibit 1) As part of its

---

[1] Defendants defer to the Court's discretion with respect to whether or not Rekor should be compelled to pay interest on the moneys owed and, if so, the calculation of such interest.

[2] The Demand, and this application, are without prejudice to any further and additional fees that Defendants may be entitled to and which may be awarded in the future in this Action or in another action or proceeding.

Demand, Defendants explained how the Demand was calculated and provided backup materials in support of the Demand. (Exhibit 2)

On October 8, 2021, counsel for Rekor responded to the Demand and raised certain objections to Defendants' calculation of the Demand. (Exhibit 3) (Exhibit 3 is a string of emails between counsel sent between October 8, 2021 and November 2, 2021.)

On October 18, 2021, in order to resolve any issues, Defendants accepted 100% of Rekor's objections and reduced the amount of the Demand after giving credit to all such objections. The reduced Demand amount was the amount sought herein, $95,959.11. (Exhibit 3) Defendants demanded payment by November 1, 2021.

Not surprisingly, Rekor made no objection to the reduction of the Demand amount. But, on October 29, 2021, Rekor's counsel stated that Rekor was in discussions with its insurer and waiting for a response. (Exhibit 3)

On November 2, 2021, we rejected Rekor's position that it could delay payment based upon its discussions with its insurance carrier. We stated that if this were not resolved in several days, we would be forced to apply to the Court for relief. (Exhibit 3)

We never heard from Rekor's counsel again with regard to the fees. No payment has been made.

Court intervention is required to compel Rekor to satisfy its obligations under the Advancement Order and to pay the agreed upon reduced Demand amount.

For the foregoing reasons, Rekor should be ordered to pay to Defendants forthwith the sum of $95,959.11, together with such interest as the Court deems appropriate.

Respectfully submitted,

Robert C. Boneberg

cc: All Counsel (Via ECF)