```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
REKOR SYSTEMS, INC.,                                              :
                                                                  :
                         Plaintiff,                               :
                                                                  :       19-cv-7767 (LJL)
           -v-                                                    :
                                                                  :       MEMORANDUM AND
SUZANNE LOUGHLIN et al,                                           :            ORDER
                                                                  :
                         Defendants.                              :
                                                                  :
------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendants move the Court for an order requiring Plaintiff to serve a privilege log that sets forth the basis for the withholding of any document, or the redaction of any document, on a document by document, or redaction by redaction, basis. Dkt. No. 179. Plaintiff has served a categorical privilege log. Plaintiff opposes the motion and argues that it is in the process of revising its categorical privilege log. Dkt. No. 180. Plaintiff attaches the revised categorical privilege log. Dkt. No. 180-1. Defendants' motion is denied.

Local Civil Rule 26.2(c) of the Local Civil Rules for the U.S. District Courts for the Southern and Eastern Districts of New York encourages parties to work towards efficient means of providing information regarding claims of privilege and provides, in pertinent part: "when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category." Local Civ. R. 26.2(c). The information required by the rule is set forth in Local Civil Rule 26.2(a). It includes the nature of the privilege claim and for documents: "(i) the type of document . . . ; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the

relationship of the author, addressees, and recipients to each other." Local Civ. R. 26.2(a)(2)(A). Local Civil Rule 26.2(c) goes on to provide: "A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by this rule has not been provided in a comprehensible form." Local Civ. R. 26.2(c). "[A] categorical privilege log is adequate if it provides information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege." *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 325-26 (S.D.N.Y. 2020) (quoting *Auto Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 297 F.R.D. 55, 59 (S.D.N.Y. 2013)).

Defendants' letter fails to demonstrate that the privilege log has insufficient information to permit them to make an intelligent determination about the validity of the assertion of the privilege. The Court has reviewed the categorical log. The log identifies certain categories of documents that appear plainly to be privileged, the persons who are on the communications, the date range of the communications, the document types, and the basis of privilege. There are sometimes numerous documents within each category justifying the use of the categorical approach. For example, 30 documents contain communications by Plaintiff with its counsel related to Firestorm's lease of its Roswell office; 210 documents relate to Rekor's counsel's efforts to review materials facilitating Rekor's sale of Secure Education Consultants; and four documents relate to Rekor's sale of BC Management.

As to certain of these categories, third parties are identified but it appears that they are identified with sufficient detail in order for Defendants to make a privilege challenge. Indeed, that is exactly what Defendants have done. In numerous instances, Defendants challenge the

assertion of a claim of privilege by asserting that the document category includes third parties with whom there is no attorney-client or *Kovel* relationship.

Accordingly, Defendants are not entitled to an order requiring Plaintiff to redo its privilege log and to log each claim of privilege on a document-by-document basis. This order is without prejudice to Defendants' raising a claim of improper assertion of privilege with respect to any specific document or category of document. It also is without prejudice to Defendants' asserting that with respect to any specific category of documents on the categorical privilege log, that category is defined too broadly or provides insufficient information to permit an intelligent determination as to the validity of the claim of privilege.

The motion at Dkt. No. 179 is denied.

The Clerk of Court is respectfully directed to close Dkt. No. 179.

SO ORDERED.

Dated: November 22, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge