```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
REKOR SYSTEMS, INC.,                                               :
                                                                   :
                           Plaintiff,                              :
                                                                   :      19-cv-7767 (LJL)
         -v-                                                       :
                                                                   :      MEMORANDUM AND
SUZANNE LOUGHLIN et al,                                            :           ORDER
                                                                   :
                           Defendants.                             :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/17/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiff Rekor Systems, Inc. ("Plaintiff" or "Rekor") moves for an order compelling Lynn Satterfield ("Satterfield") to appear for a deposition. Dkt. Nos. 189–190. Satterfield is the wife of defendant James Satterfield, and, from 2012 to March 2019, she worked for Firestorm Solutions LLC ("FSLLC") and Firestorm Franchising LLC ("FFLLC" and with FSLLC, "Firestorm"). Defendants oppose the motion. Dkt. No. 193. The operative complaint alleges that, in January 2017, James Satterfield along with co-defendants Suzanne Loughlin and Harry Rhulen fraudulently induced Plaintiff to purchase FSLLC and FFLLC and that thereafter all three individual defendants destroyed emails belonging to Plaintiff when they resigned from Rekor and Firestorm in December 2018 after the company suffered financial losses. Dkt. No. 64. Defendants contend that Satterfield is suffering from dementia, that she will have difficulty preparing for her deposition and remembering sufficient facts to testify, and that whatever testimony she could give would be unreliable. *Id.* Defendants request that Satterfield's deposition proceed remotely and be limited to one hour. *Id.* The Court held argument on the motion on February 16, 2022.

The Court construes Defendants' opposition as a motion for a protective order pursuant to Federal Rule of Procedure 26(c). "Rule 26(c) grants district courts discretion to grant a protective order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, but the moving party bears the burden of establishing good cause for such a protective order." *Qube Films Ltd. v. Padell*, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015) (internal quotation marks omitted). "[I]t is well recognized that entirely prohibiting the taking of an oral deposition is very unusual." *Id.* (citing *In re McCorhill Publ'g, Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988) (citing 8 Alan A. Right and Arthur R. Miller, *Federal Practice and Procedure* § 2037 (1986 Supp.))); *see also Jennings v. Fam. Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) ("[I]n the case of a protective order related to deposition testimony, courts regard the complete prohibition of a deposition as an 'extraordinary measure[] which should be resorted to only in rare occasions.'" (collecting cases)).

"Courts in this circuit have noted that, '[f]or purposes of a protective order, "good cause" is established when a party is able to show that a "clearly defined, specific and serious injury" will occur in the absence of such an order.'" *Qube Films*, 2015 WL 109628, at *2 (quoting *McDonnell v. First Unum Life Ins. Co.*, 2012 WL 13933, at *1 (S.D.N.Y. Jan. 4, 2012)). "Furthermore, broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are not sufficient to satisfy the burden." *Id.* (internal quotation marks omitted and alteration adopted). Protective orders therefore "are generally not granted where the contentions of a treating physician are conclusory or speculative in nature." *Id.*; *see also Jennings*, 201 F.R.D. at 274–75. "If harm to a witness from a deposition is of potential concern, but does not rise to the level of a clearly defined and serious injury, courts can fashion accommodations to limit the potential harm to the deponent." *Qube Films*, 2015 WL 109628, at *2; *see also id.* at *4

(ordering, among other accommodations, that deposition be segmented to allow for breaks at least every one to two hours).

Defendants have not made the requisite showing to support their requested protective order. They rely on a declaration from Satterfield's neurologist, Dr. Fernandez, to support their position, Dkt. No. 193, Ex. A., but this declaration does not establish good cause. Among other things, Dr. Fernandez declares that Satterfield "is suffering from dementia resulting from Alzheimer's disease." *Id.* It adds that "[i]t would be embarrassing for her to participate as a witness at a deposition because, at some level, she would recognize that she is unable to understand and answer the questions" and that she "would likely become agitated and in emotional distress as a result of her perceived inability to function in a normal way." *Id.*

Dr. Fernandez's declaration does not establish "a clearly defined, specific and serious injury" that would befall Satterfield if compelled to appear for a deposition. The only injury that it identifies is that Satterfield would be embarrassed and would become agitated and suffer emotional distress. It does not identify the progress of the disease, how impaired Satterfield is, or any harm other than embarrassment and emotional distress. But the embarrassment and distress that it identifies that she would suffer is no different from that experienced in any situation where a person suffering from dementia is required to answer questions. It does not provide an excuse to avoid a deposition or answering questions that Plaintiff is entitled to have answered to establish the facts alleged in its well-pleaded complaint or to rebut Defendants' defenses. More specifically, such allegations of harm are insufficient to show good cause to completely prohibit Plaintiff from taking Satterfield's deposition. *See Jennings*, 201 F.R.D. at 274–75 (failing to find good cause where plaintiff relied on "conclusory, speculative statements" to support a motion for a protective order to prevent the deposition of an individual who

3

reportedly suffered from dementia and depression and who could suffer "great harm" if subjected to the stress of an adversarial proceeding that could potentially overwhelm the individual's coping abilities).

Plaintiff has also made a specific showing as to the relevance of Satterfield's testimony to this case. Dkt. No. 190 at 2–3. Satterfield has submitted a sworn declaration to this Court that she was the bookkeeper for Firestorm, with responsibility for the books for FSLLC and FFLLC from 2012 to March 2019. Dkt. No. 193 at 8–9. The underlying case involves allegations of financial fraud that were concealed from Plaintiff. Defendants have defended on the grounds, among others, that certain of the Defendants did not know of the alleged fraud and that information was disclosed to Plaintiff that defeats Plaintiff's claim of reasonable reliance. Plaintiff has shown that Firestorm was a small company and that Satterfield is likely to have evidence directly relevant to Plaintiff's claims and Defendants' defenses. In deciding whether to grant a protective order, courts consider the relevance of the deponent's testimony. *See Jennings*, 201 F.R.D. at 275–76; *Smith v. Yeager*, 322 F.R.D. 96, 99–100 (D.D.C. 2017). Defendants argue that Satterfield's knowledge is duplicated by other witnesses, Dkt. No. 193 at 2–3, but Plaintiff's right to prosecute its case and to test Defendants' defenses "outweighs the generalized assertions of harm" made by Defendants. *Jennings*, 201 F.R.D. at 275.

## CONCLUSION

For the reasons given, the motion to compel is GRANTED. The Court hereby orders Lynn Satterfield to appear for a deposition with the following accommodations. The deposition will be limited to no more than two hours per day until the deposition is complete. The parties are directed to meet and confer to determine that dates on which the deposition shall take place such that it will be completed by the deadline for deposition in the operative Case Management Plan.

The Clerk of Court is respectfully directed to close Dkt. Nos. 189, 190, and 193.

SO ORDERED.

Dated: February 17, 2022
   New York, New York

                   LEWIS J. LIMAN
                 United States District Judge