USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/07/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
REKOR SYSTEMS, INC.,                                                    :
                                                                        :
                                            Plaintiff,                  :
                                                                        :                    19-cv-7767 (LJL)
                    -v-                                                  :
                                                                        :                 MEMORANDUM AND
SUZANNE LOUGHLIN, et al,                                                 :                     ORDER
                                                                        :
                                            Defendants.                 :
                                                                        :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants Suzanne Loughlin, James Satterfield, and Harry Rhulen and counterclaim-

plaintiff CrisisRisk (collectively "Defendants") move for an order compelling Morris De Feo

("De Feo") to appear for his deposition.[1]  Dkt. No. 197.  De Feo represented plaintiff Rekor

Systems, Inc. ("Plaintiff" or "Rekor") in connection with the transaction that is at the heart of

this case when he was employed by Rekor's counsel Crowell & Moring, LLP.

Defendants argue that De Feo has relevant information regarding the due diligence

process, including with respect to the information he received and what he was told and what he

said to Defendants in the course of the due diligence investigation.  Defendants also intend to ask

De Feo about any waiver of the requirements of the purchase agreement.  Rekor opposes the

motion.  Dkt. No. 200.  It asserts that attorney depositions are disfavored and that a number of

factors disfavor De Feo's deposition in this case: (1) Defendants can obtain the information they

are seeking to discover from other sources including from Defendants themselves as well as from

---

[1] Defendants also request that the Court permit the deposition of Michael Monahan of
CohnReznik to proceed on March 10, 2022, which is after the deadline for depositions.  Dkt. No.
197 at 1.  Plaintiff agreed to this date.  *Id.*  The Court approves this request.

their counsel; (2) De Feo was acting as Rekor's counsel on the transaction, and there are other

sources available to Defendants for the information they seek; (3) even though Defendants have

indicated that they do not seek privileged information, there is a risk that the deposition could

touch on the privilege; and (4) Defendants have already taken depositions on these issues.  *Id.*

De Feo also opposes the motion.  Dkt. No. 204.  He also asserts that attorney depositions are

disfavored and further asserts that a deposition would be burdensome because he has an active

practice and has significant management and administrative responsibilities as head of his

department.  *Id.*

The deadline for the close of fact discovery is March 21, 2022, and a conference in this

case is scheduled for April 5, 2022.  Dkt. Nos. 174, 185.  Summary judgment motions are due

on April 15, 2022.  Dkt. No. 203.

The motion to compel is granted.  "The deposition-discovery regime set out by the

Federal Rules of Civil Procedure is an extremely permissive one to which courts have long

'accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal

courts [need not] be carried on in the dark.'"  *In re Subpoena Issued to Dennis Friedman*, 350

F.3d 65, 69 (2d Cir. 2003) (Sotomayor, J.) (alteration in original) (quoting *Schlagenhauf v.

Holder*, 379 U.S. 104, 114-15 (1964)).

The opposition of Plaintiff and De Feo turns upon the decision of then-Judge Sotomayor

in *In re Subpoena Issued To Dennis Friedman*.  In that case, the Second Circuit considered the

standards to be applied to requests for deposition testimony from one party in a litigation to

counsel affiliated with the lawyers representing the other party to the litigation.  *See id.* at 67

(noting that deponent was affiliated with law firm serving as trial counsel).  The court

specifically eschewed the approach of the Eighth Circuit in *Shelton v. American Motors Corp.*,

805 F.2d 1323 (8th Cir. 1986), under which depositions of opposing litigation counsel was

disfavored.  *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 71 ("[W]e have never

adopted the *Shelton* rule and have stated specifically that the disfavor with which the practice of

seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all

controversies of this nature.").  The court adopted "a flexible approach to lawyer depositions

whereby the judicial officer supervising discovery takes into consideration all of the relevant

facts and circumstances to determine whether the proposed deposition would entail an

inappropriate burden or hardship." *Id.* at 72.  Those factors included but were not limited to:

"the need to depose the lawyer, the lawyer's role in connection with the matter on which

discovery is sought and in relation to the pending litigation, the risk of encountering privilege

and work-product issues, and the extent of discovery already conducted." *Id.*

The context of *In re Subpoena Issued to Dennis Friedman*, however, is critical to

understanding its holding.  Even before the case was decided, there was a "long-recognized

presumption against deposing a party's trial counsel." *Roznitsky v. Schwartz Cobb & Scheinert*,

1999 WL 187074, at *1 (S.D.N.Y. Apr. 6, 1999).  The presumption is based on "the disruption

and misuse of the adversary process attendant on allowing a party to depose its adversary's

litigation counsel." *Lee v. Kucker & Bruh, LLP*, 2013 WL 680929, at *1 (S.D.N.Y. Feb. 25,

2013) (quoting *Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207, 211 (S.D.N.Y.

2000)).  The rationale for the presumption "is that depositions of counsel, even if limited to

relevant and non-privileged information, are likely to have a disruptive effect on the attorney-

client relationship and on the litigation of the case." *Roznitsky*, 1999 WL 187074, at *2.  As

then-Judge Sotomayor put it, quoting the Eighth Circuit, discovery by one party of the lawyer

representing the other party in the litigation "could potentially lead to the disclosure of the

3

attorney's litigation strategy" and would do "nothing for the administration of justice but rather prolong[] and increase[] the costs of litigation, demean[] the profession, and constitute[] an abuse of the discovery process." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 71 (quoting *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729-30 (8th Cir. 2002)).

Thus, without exception, each of the cases upon which the opposition relies involves an attempt to subpoena a lawyer who either was actively litigating the case on the other party's behalf or who was associated with trial counsel.  *See Friedman*, 350 F.3d at 66 (deponent was a non-litigation partner at the law firm representing the defendants in the litigation); *KOS Building Group, LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020) (subpoena on trial counsel); *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 2020 WL 7133735, at *1 (S.D.N.Y. Dec. 4, 2020) (trial subpoena for plaintiff's trial and investigative counsel); *Wenning v. On-Site Manager, Inc.*, 2015 WL 5148753, at *2 (S.D.N.Y. Aug. 26, 2015) (subpoena of plaintiff's litigation counsel); *Sea Tow Intern., Inc. v. Pontin*, 246 F.R.D. 421, 423 (E.D.N.Y. 2007) (motion to quash subpoena of plaintiff's trial attorney); *Resqnet.Com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, at *1 (S.D.N.Y. July 21, 2004) (defendant served deposition subpoena on trial counsel for plaintiff); *Roznitsky*, 1999 WL 187074, at *1 (same); *Lee*, 2013 WL 680929, at *1 (same).

Those cases, and the concern they express about one party using the tools of discovery to interfere with and undermine the litigation strategy of the other party and the relationship between client and litigation counsel, are inapposite here where the proposed deponent is not affiliated with a lawyer representing any party in the instant litigation and where his sole relevance is to testify to his recollection of historical events he witnessed that are at the center of this case.  There is no risk that deposing De Feo could reveal Rekor's trial strategy, interfere with

the relationship between Rekor and its litigation counsel, or otherwise have a disruptive effect on the litigation of the case.

Even if the standards of *In re Subpoena Issued to Dennis Friedman* were relevant, they would be readily satisfied.  As then-Judge Sotomayor emphasized, the status of the deponent as a lawyer is not a "talisman" the invocation of which can magically make a deposition subpoena disappear.[2]  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 71.  Defendants identify a number of areas as to which De Feo's testimony would be highly relevant.  Dkt. No. 206.  Those include, but are not limited to, his involvement with respect to due diligence, his interaction with Plaintiff in the negotiation of the transaction, and his knowledge of Defendants' post-acquisition work and activities that took place at Rekor post-acquisition.  *Id.*  His testimony would not be unnecessarily cumulative.  With respect to the transaction, he is one of the few potential witnesses who is not now affiliated with one of the parties and who can presumably give disinterested testimony.  With respect to at least one potentially relevant event post-acquisition, he was only one of two percipient witnesses and questions have been raised about the competence of the other percipient witness.  *Id.* at 3.  His only role with respect to the current litigation is as a witness to events of purely historical relevance, no different than any other person who might not happen to hold a law license.  With a single potential exception, there is no real, or particular risk, that the privilege will be trenched upon.[3]  What will be most relevant is what De Feo saw and what he said to the opposing party in a transaction and what that opposing party said to him, and not what he said to his client.  There should be no need for the deposition

---

[2] For that reason, counsel's argument that the subpoena is burdensome because De Feo is a busy practicing lawyer is not sufficient to deprive Defendants of the right to his deposition testimony.
[3] The single exception has to do with the aforementioned conversation with the Rekor Board Chair, *id.* at 3, but Defendants represent that to the extent there was a privilege that attached to the conversation, it has been waived, *id.*

to enter into the content of privileged conversations between De Feo and his client.  And since De Feo is not a litigator and, at the moment the parties entered into the transaction, no litigation was anticipated between the parties, there should be no issue of work product.  Finally, while extensive discovery already has been taken, De Feo's testimony would not be on a matter peripheral to the issues in the case, *cf. Wenning*, 2015 WL 5148753, at *2, but on one central to the litigation, which would not constitute an abuse of the discovery process.  In short, the deposition of De Feo would not constitute an "inappropriate burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 72.

## CONCLUSION

The motion to compel is GRANTED.  De Feo is hereby directed to appear for his deposition prior to March 21, 2022.

The Clerk of Court is respectfully directed to close Dkt. Nos. 197 and 206.

SO ORDERED.

Dated: March 7, 2022
     New York, New York
                                          LEWIS J. LIMAN
                                United States District Judge