```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/20/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
REKOR SYSTEMS, INC., :
:
Plaintiff, :
: 19-cv-7767 (LJL)
-v- :
: ORDER
SUZANNE LOUGHLIN et al, :
:
Defendants. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Counterclaim plaintiff CrisisRisk Strategies, LLC ("CrisisRisk") moves for partial judgment in favor of CrisisRisk and against Rekor Systems, Inc. ("Rekor") in the amount of $25,500.60 because the Court granted summary judgment to CrisisRisk on its counterclaim. Dkt. No. 217; *see also* Dkt. No. 214. Rekor opposes the motion because CrisisRisk has not shown that "there is no just reason for delay" of the entry of a final judgment. Dkt. No. 235 at 1 (quoting Fed. R. Civ. P. 54(b)).

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In other words, "[f]or a proper entry of a partial final judgment under Rule 54(b), three requirements must be satisfied: '(1) [M]ultiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.'" *Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (second alteration in original) (quoting *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)). "Certification under Rule 54(b) should be granted only where there are 'interests of sound judicial administration' and efficiency to be served, or, in the 'infrequent harsh case,' where 'there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal."'" *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (alteration adopted) (citations omitted).

The only factor at issue is the third factor because Rekor does not contest that the first two factors are met here. CrisisRisk has not set forth any reason why the interests of sound judicial administration would be served by entry of partial judgment or that there exists some danger of hardship or injustice without entry of partial judgment. Accordingly, CrisisRisk's motion is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 217.

SO ORDERED.

Dated: April 20, 2022
       New York, New York

                                            LEWIS J. LIMAN
                                       United States District Judge