```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/05/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
REKOR SYSTEMS, INC.,

                Plaintiff,

      -v-

SUZANNE LOUGHLIN, et al.,

                Defendants.

-----------------------------------------------------------------X

19-cv-7767 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Rekor Systems, Inc. ("Rekor" or "Plaintiff") moves, pursuant to Federal Rules of Civil Procedure 37(c) and 16(f), for an order requiring defendants Suzanne Loughlin ("Loughlin"), Harry Rhulen ("Rhulen"), and James Satterfield ("Satterfield") (collectively "Defendants") to bear Rekor's reasonable expenses, including attorney's fees, in connection with: (i) its motion to strike Defendants' rebuttal expert reports, Dkt. No. 250; (ii) its instant motion for sanctions, Dkt. No. 301; (iii) and the additional expert discovery necessitated by Defendants' untimely disclosures, including the discovery set forth in the Court's June 8, 2022 Order, Dkt. No. 297.  Dkt. No. 301.  Defendants oppose the motion, arguing that they served the expert reports only two weeks after the discovery deadline and that the sanctions sought are disproportionate to any prejudice.  Dkt. No. 304.  For the following reasons, the motion is granted in part and denied in part.

      On June 8, 2022, the Court granted in part and denied in part Plaintiff's motion for an order striking the expert reports of Lawrence R. Chodor ("Chodor Report") and Michael H. Seid ("Seid Report").  Dkt. No. 297.  The Court held that Defendants' expert reports were untimely. *Id.* at 11–13.  The failure to serve the Seid Report was "not substantially justified and would not

be harmless." *Id.* at 18.  The Court further excluded the Seid Report because admission of the report "cannot be harmless and would in fact be unfairly prejudicial." *Id.* at 21.  Similarly, there was "no substantial justification for the late service of [the Chodor Report] or good explanation for the failure to provide notice of it within the time period permitted for expert discovery," and "the late service of the report [wa]s not harmless." *Id.* at 22.  The Court, however, did not exclude the Chodor Report and instead permitted discovery to be reopened for the depositions of fact witnesses Loughlin and Rhulen and for the deposition of Chodor.  *Id.* at 22–23.  Plaintiff was also permitted to make a document request consistent with Rule 26(b)(4).  *Id.* at 23.

> Federal Rule of Civil Procedure 37(c)(1) provides:
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . .

Fed. R. Civ. P. 37(c)(1), (1)(A).  Rule 16(f)(1) provides that, "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1), (1)(C).  Rule 16(f)(2) provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).

Based on the Court's findings in its June 8, 2022 Opinion and Order, the Court will award the following sanctions.  Defendants shall pay reasonable expenses—including attorney's fees for one lawyer—for the two additional fact depositions Plaintiff must take in response to the Chodor Report.  The Court also awards reasonable attorney's fees for Plaintiff's motion to strike

the expert reports. Such expenses were caused by Defendants' late submission of the expert reports. The Court denies the remainder of Plaintiff's motion for sanctions.

## CONCLUSION

Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Plaintiff shall submit its reasonable expenses to the Court after the last deposition.

The Clerk of Court is respectfully directed to close Dkt. Nos. 301 and 304.

SO ORDERED.

Dated: August 5, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge