```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
REKOR SYSTEMS, INC.,                                             :
                                                                 :
                            Plaintiff,                           :
                                                                 :   19-cv-7767 (LJL)
            -v-                                                  :
                                                                 :   ORDER
SUZANNE LOUGHLIN, et al.,                                        :
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants-Counterclaim Plaintiffs Suzanne Loughlin, Harry Rhulen, and James Satterfield and Counterclaim Plaintiff CrisisRisk Strategies LLC ("Defendants") move by letter motion for an order requiring Plaintiff Rekor Systems, Inc. ("Plaintiff" or "Rekor"): (1) to produce all documents contained in a electronic Data Room used in connection with the transaction at the heart of this litigation; (2) to provide Defendants with login credentials for the Data Room so that they can verify its contents; and (3) to confirm whether an Activity Report generated by a third party and purporting to show all activity in the Data Room is a complete report of all activity with respect to the Data Room described by Plaintiff's witnesses Robert Berman and Riaz Latifullah in their depositions (and if not to supplement their production to provide any additional logs necessary to reflect such activity). Dkt. No. 326. Defendants argue that the Activity Report is inconsistent with the deposition testimony of Berman and Latifullah.

      The motion is **DENIED**. Discovery in this case closed on April 8, 2022. Dkt. No. 213. Trial is scheduled for February 13, 2023, with the proposed joint pretrial order due by January 25, 2023. Dkt. No. 317. Defendants have not shown why they could not have requested the relief within the lengthy time period provided for discovery, including the numerous extensions. Although new counsel filed appearances for Defendants on July 14 and July 15, 2022, Dkt. Nos. 311–15, a change in litigation strategy does not establish good cause. *See Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020); *see also Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) ("A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." (quoting *Leong v. 127 Glen Head Inc.*, 2016 WL 845325, at *3 (E.D.N.Y. Mar. 2, 2016))). "In the context of a motion to reopen discovery or permit certain discovery after expiration of a court-established deadline, courts in this Circuit undertake a fact-intensive analysis that considers a wide variety of factors, including:

      '(1) [W]hether trial is imminent, (2) whether the request is opposed, (3) whether the non-

moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.'"

*Gao v. Savour Sichuan Inc.*, 2021 WL 4892864, at *1–2 (S.D.N.Y. Oct. 20, 2021) (quoting *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011)).

Defendants satisfy none of those standards. As noted, trial is only a few months away. The request is opposed and Plaintiff would be prejudiced by granting the motion. Dkt. No. 327. The principal witnesses all have testified. To the extent that the request would yield any new information (and that is dubious), discovery would need to be reopened. Most importantly, Defendants requested the information that they now seek (again) as early as April 2020, Dkt. No. 327-1, and Plaintiff produced documents in response to that request. Dkt. No. 327. If Defendants were dissatisfied with that response, they could have moved to compel during the ample time permitted for discovery. Their request now—coming six months after discovery closed and at a time the parties should be beginning to prepare for trial—is too late.

SO ORDERED.

Dated: October 7, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge